# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER DANGERFIELD,<br>    Petitioner, | Case No. 1:19-cv-755 |
| | Cole, J. |
| v. | Bowman, M.J. |
| WARDEN, LONDON<br>CORRECTIONAL INSTITUTION,[1]<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate at the Noble Correctional Institution, in Caldwell, Ohio, is serving a term of life imprisonment, with parole eligibility after twenty-five years, upon his 2013 guilty plea and Hamilton County, Ohio, conviction for aggravated murder. *See Dangerfield v. Warden*, No. 1:15-cv-609 (S.D. Ohio) (Black, J.; Merz, M.J.) (Doc. 16, at PageID 202).[2] Petitioner has filed in this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is currently before the Court on petitioner's motion to stay proceedings (Doc. 2), petitioner's motions to amend his habeas corpus petition (Docs. 5, 6), and respondent's motion to dismiss or, in the alternative, to transfer this action to the United States Court of Appeals for the Sixth Circuit as a second or successive habeas application (Doc. 4).

For the reasons that follow, the undersigned **RECOMMENDS** that respondent's motion to transfer be **GRANTED**, respondent's alternative motion to dismiss be **DENIED**, and petitioner's habeas corpus petition and pending motions be **TRANSFERRED** to the Sixth Circuit Court of Appeals

---

[1] Petitioner is currently incarcerated at the Noble Correctional Institution. The warden thereof is the proper respondent. However, the case caption should remain the same to maintain docketing continuity.

[2] It is well-settled that this Court may take judicial notice of its own records. *See Saylor v. United States*, 315 F.3d 664, 667-68 (6th Cir. 2003); *United States v. Doss*, 563 F.2d 265, 269 n.2 (6th Cir. 1977); *Gross v. United States*, No. 06-cv-10551, 2006 WL 467909, at *1 n.1 (E.D. Mich. Feb. 27, 2006) ("A district court is permitted to take judicial notice of its own files and records in a habeas proceeding.").

pursuant to 28 U.S.C. § 2244(b) as a second or successive habeas corpus application seeking relief under § 2254.

Petitioner has previously challenged in federal court his underlying 2013 aggravated murder conviction. *See Dangerfield*, No. 1:15-cv-609. There, petitioner asserted a single claim: that trial counsel performed ineffectively by failing to request a presentence investigation report prior to sentencing. *Dangerfield*, No. 1:15-cv-609 (Doc. 1). This Court denied the petition after finding that the state appellate court's denial of petitioner's claim was neither contrary to nor an objectively unreasonable application of the relevant Supreme Court precedent. *See id*. (Docs. 16, 18-19). The Court dismissed the petition without a certificate of appealability being issued, and petitioner did not seek further review in the Sixth Circuit Court of Appeals. *See id*.

In the instant habeas corpus petition, petitioner's second, petitioner contends that the trial court erred in denying his 2018 motion to withdraw his guilty plea. (Doc. 1, at PageID 5-6). Petitioner contends that his 2013 guilty plea was not voluntary and knowing because counsel failed to properly investigate petitioner's mental health history and performed ineffectively during plea negotiations and petitioner's plea and sentencing hearings. (Doc. 1, at PageID 5; Doc. 1-1, at PageID 161-72).

"Federal law generally gives habeas petitioners one shot to pursue their claims in federal court. For petitions filed after the first one—'second or successive' petitions in the language of the statute—applicants must overcome strict limits before federal courts will permit them to seek habeas relief." *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)(A)). A district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. 28 U.S.C. § 2244(b)(1). In addition,

2

the court must dismiss a claim presented in a second or successive petition which the petitioner did not include in the prior petition, unless: (A) the petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (B) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; and the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a second or successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id.* The determination of whether a habeas application is second or successive, however, is committed to the district court in the first instance. *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012).

Because this Court denied petitioner's first § 2254 petition on the merits, *see* No. 1:15-cv-609 (Docs. 16, 18-19), petitioner's current petition, motion to stay, and motions to amend are "successive" within the meaning of § 2244(b) and should have been brought in the Sixth Circuit Court of Appeals as part of a § 2244(b) petition for authorization to file a successive habeas petition in this Court. *See Moreland v. Robinson*, 813 F.3d 315, 319 (6th Cir. 2016) (finding motion to amend was a second or successive habeas petition).

Petitioner asserts that the instant petition is not second or successive because his claim was not ripe at the time he filed his initial petition. (*See* Doc. 1-1, at PageID 157). "[A] petition

is not second or successive when it raises a claim that was unripe for review when the first habeas petition was filed." *In re Tibbetts*, 869 F.3d 403, 406 (6th Cir. 2017) (citing *Panetti v. Quarterman*, 551 U.S. 930, 945-47 (2007)). However, courts have been careful to distinguish petitions containing unripe claims from those claims that are discovered after filing an initial petition. *See, e.g., Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) ("when discerning whether a second-in-time petition is successive, courts must be careful to distinguish genuinely unripe claims (where the factual predicate that gives rise to the claim has not yet occurred) from those in which the petitioner merely has some excuse for failing to raise the claim in his initial petition (such as when newly discovered evidence supports a claim that the petitioner received ineffective assistance of counsel); only the former class of petitions escapes classification as 'second or successive'"). *See also In re Sosa*, 391 F. App'x 472, 474 (6th Cir. 2010) ("Generally, a state prisoner may not bring a second federal habeas petition without permission from the court of appeals, even if the second petition raises claims that had not been exhausted at the time of the first habeas petition.").

To the extent petitioner raises a challenge to the validity of his guilty plea that was raised in his prior petition, it is successive. *See* 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks to posit a new challenge to his guilty plea, it is still successive under 28 U.S.C. § 2244(b)(2) because (1) petitioner has not shown it relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (2) that the factual basis for the claim could not have been discovered previously through the exercise of due diligence, *and* such facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder

would have found the petitioner guilty of the underlying offense. To the extent that petitioner challenges the trial court's denial of his 2018 motion to withdraw his guilty plea, such a claim is not cognizable on federal habeas review. *See Cress v. Palmer*, 484 F.3d 844. 853 (6th Cir. 2007) ("errors in post-conviction proceedings are outside the scope of federal habeas corpus review.")

Petitioner also asserts that an intervening judgment on November 27, 2018, prevents this habeas corpus petition from being second or successive. (*See* Doc. 1, at PageID 1, 12-13; Doc. 1-1, at PageID 156). "[A] petition is not second or successive '[i]f an individual's petition is the first to challenge a particular state judgment.'" *In re Tibbets*, 869 F.3d at 406 (quoting *Stansell*, 828 F.3d at 415 (in turn citing *Magwood v. Patterson*, 561 U.S. 320, 331-33 (2010)). According to petitioner, "the Common Pleas Court on November 27, 2018 entered a Nunc Pro Tunc Entry that changed the Petitioner's sentence from 25 years to life, to 20 years to life." (Doc. 1-1, at PageID 156). However, a review of the trial court's docket sheet reveals that the trial court did not change petitioner's sentence on November 27, 2018 but *denied* a motion by petitioner to correct his sentence.[3] To the extent petitioner is attempting to challenge the November 27, 2018 denial of his motion to correct his sentence, as set forth above, "errors in post-conviction

---

[3]A copy of the November 27, 2018 entry is available at the Hamilton County Clerk of Court's website under Case No. B-1100001. "Federal courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)). Petitioner appears to base his argument on a statement in the November 27, 2018 entry describing petitioner's sentence as twenty years to life, as opposed to twenty-five years to life. However, nothing in the November 27, 2018 entry suggests that this misstatement is anything other than a typographical error. Further, to the extent that petitioner asserts that the November 27, 2018 entry removed post-release control from his sentence (*see* Doc. 1-1, at PageID 156), he is incorrect. The *nunc pro tunc* correction to the original sentencing entry substituting parole for post-release control was entered on April 23, 2013. *See Dangerfield*, No. 1:15-cv-609 (Doc. 9, Exs. 7, 8). Because the operative 2013 judgment was in effect at the time petitioner filed his initial, 2015 habeas corpus petition, petitioner's argument that an intervening judgment on November 27, 2018, prevents this habeas corpus petition from being second or successive is without merit. *See Magwood*, 561 U.S. at 338-39 (citing *Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (*per curiam*)).

proceedings are outside the scope of federal habeas corpus review." *Cress*, 484 F.3d at 853.

This Court lacks jurisdiction to consider petitioner's federal habeas petition and related motions in the absence of prior authorization by the Sixth Circuit. *See* 28 U.S.C. § 2244(b)(3). *See also Moreland*, 813 F.3d at 319. When a prisoner has filed a successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3). *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2nd Cir. 1996)); *see also Withers v. Warden, Chillicothe Corr. Inst.*, No. 2:15cv129, 2015 WL 965674, at *2-3 (S.D. Ohio Mar. 4, 2015) (Kemp, M.J.), *adopted*, 2015 WL 1212556 (S.D. Ohio Mar. 16, 2015) (Economus, J.).

**IT IS THEREFORE RECOMMENDED THAT:**

Respondent's motion to transfer be **GRANTED**, respondent's alternative motion to dismiss be **DENIED**, and petitioner's habeas corpus petition and pending motions be **TRANSFERRED** to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b) as a second or successive habeas corpus application seeking relief under 28 U.S.C. § 2254.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER DANGERFIELD,<br>　　Petitioner,<br><br>　　v.<br><br>WARDEN, LONDON<br>CORRECTIONAL INSTITUTION,<br>　　Respondent. | Case No. 1:19-cv-755<br><br>Cole, J.<br>Bowman, M.J. |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981The undersigned thus concludes that this is a successive petition.