UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER DANGERFIELD,<br>    Petitioner, | Case No. 1:19-cv-755 |
| v. | Cole, J.<br>Bowman, M.J. |
| WARDEN, LONDON<br>CORRECTIONAL INSTITUTION,[1]<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate at the Noble Correctional Institution, in Caldwell, Ohio, is serving a term of life imprisonment, with parole eligibility after twenty-five years, upon his 2013 guilty plea and Hamilton County, Ohio, conviction for aggravated murder. *See Dangerfield v. Warden*, No. 1:15-cv-609 (S.D. Ohio) (Black, J.; Merz, M.J.) (Doc. 16, at PageID 202).[2] Petitioner has filed in this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). On December 20, 2019, this Court entered a Report and Recommendation recommending that respondent's motion to transfer (Doc. 4) be **GRANTED**, respondent's alternative motion to dismiss (Doc. 4) be **DENIED**, and petitioner's habeas corpus petition (Doc. 1) and pending motions (Docs. 2, 5, 6) be **TRANSFERRED** to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b) as a second or successive habeas corpus application seeking relief under § 2254. The Court's December 20, 2019 Report and Recommendation is currently pending before the District Court. This matter is currently before the Court on petitioner's second motion to stay proceedings (Doc. 9).

---

[1]Petitioner is currently incarcerated at the Noble Correctional Institution. The warden thereof is the proper respondent. However, the case caption should remain the same to maintain docketing continuity.

[2]It is well-settled that this Court may take judicial notice of its own records. *See Saylor v. United States*, 315 F.3d 664, 667-68 (6th Cir. 2003); *United States v. Doss*, 563 F.2d 265, 269 n.2 (6th Cir. 1977); *Gross v. United States*, No. 06-cv-10551, 2006 WL 467909, at *1 n.1 (E.D. Mich. Feb. 27, 2006) ("A district court is permitted to take judicial notice of its own files and records in a habeas proceeding.").

For the reasons stated in the Court's December 20, 2019 Report and Recommendation, the instant motion for a stay of proceedings (Doc. 9) should be **TRANSFERRED** to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b) as a second or successive habeas corpus application seeking relief under § 2254.

**IT IS THEREFORE RECOMMENDED THAT:**

Petitioner's "Request for Stay and Abeyance of Proceedings so that He May Exhaust State Court Remedies" be **TRANSFERRED** to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b) as a second or successive habeas corpus application seeking relief under 28 U.S.C. § 2254.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER DANGERFIELD,
    Petitioner,

v.

WARDEN, LONDON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:19-cv-755

Cole, J.
Bowman, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981The undersigned thus concludes that this is a successive petition.

3