UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER DANGERFIELD,

    Petitioner,

  v.

WARDEN, LONDON
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 1:19-cv-755
JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman

## ORDER

This cause comes before the Court on the Magistrate Judge's Report and Recommendation (Doc. 8), recommending this Court transfer the case to the Sixth Circuit as a second or successive habeas corpus petition.

Second or successive habeas petitions require circuit court approval before they can proceed in district court. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005) ("A state prisoner may not file [a second or successive habeas corpus petition] without precertification by the court of appeals that the petition meets certain stringent criteria."). Without precertification, this District Court lacks jurisdiction. *See Burton v. Stewart*, 549 U.S. 147, 152–53 (2007) (per curiam) (concluding the district court did not have jurisdiction to hear a second or successive petition absent circuit court authorization).

The first Report and Recommendation (Doc. 8) recommended this Court transfer Petitioner Christopher Dangerfield's ("Dangerfield") Petition (Doc. 1) to the Sixth Circuit as a second or successive. (*See* Doc. 8 at #353[1]). It also recommended denying Respondent Warden of London Correctional Institution's Alternative Motion to Dismiss. (*Id.*). Objections were due January 3, 2020, and none were filed.

While that Report and Recommendation was pending, Dangerfield filed a Request for Stay and Abeyance of Proceedings. (Doc. 9). The Magistrate Judge issued another Report and Recommendation (Doc. 10), which recommended this Court transfer that Motion, along with all other pending motions, to the Sixth Circuit too. (*See* Doc. 10 at #367–68). Objections were due February 19, 2020, and none were filed. On March 30, 2020, Dangerfield filed a Motion to Terminate and Transfer his petition to the Sixth Circuit. (Doc. 11). In that Motion, he requested this Court "terminate this case and transfer it to the Sixth Circuit." (*Id.* at #370). No response was filed.

Reviewing Dangerfield's Petition, this Court finds that it is second or successive, as he raises a challenge to the validity of the same guilty plea that he challenged in his prior petition. *See Dangerfield v. Warden*, No. 1:15-cv-609 (S.D. Ohio) (Black, J.) (Doc. 16 at #202); *see also* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."). To the extent that Dangerfield posits a new challenge to that plea, it is still successive under 28 U.S.C. § 2244(b). He has not shown that this new "claim relies on a new rule of constitutional law, made

---

[1] Refers to PageID Number.

retroactive to cases on collateral review by the Supreme Court, that was previously unavailable[,]" nor has he demonstrated that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and those facts "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. §§ 2244(b)(2)(A)–(B). Thus, Sixth Circuit authorization is needed before this Court can exercise jurisdiction.

Therefore, the Court **ADOPTS** the Magistrate Judge's Reports and Recommendations (Docs. 8, 10) and **TRANSFERS** Dangerfield's Petition (Doc. 1) and all other pending motions to the Sixth Circuit as a second or successive petition.

**SO ORDERED.**

June 19, 2020
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**